# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GUTIERREZ, SR., )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security, )<br>  )<br>  Defendants. )<br>_____ ) | 1:11-cv-00454 OWW GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR A FAILURE TO PROSECUTE** |

**PROCEDURAL BACKGROUND**

On March 17, 2011, Plaintiff Vincent Gutierrez, Sr. ("Plaintiff") filed a complaint challenging a denial of his application for benefits under the Social Security Act. (Doc. 1.)

On March 23, 2011, this Court dismissed Plaintiff's complaint for a failure to state a claim. Nevertheless, Plaintiff was provided an opportunity to amend his complaint to cure the deficiencies identified therein. (Doc. 3.) More particularly, Plaintiff was provided with thirty days within which to amend his complaint. (*See* Doc. 3 at 6.) As of this date, Plaintiff has failed to file an amended complaint.

//

1

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel *or of a party* to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." (Emphasis added.)  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 17, 2011, and yet there is no indication that Plaintiff intends to prosecute this action.  The third factor, risk of prejudice, also weighs in favor of dismissal, since

a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. This Court's March 23, 2011, order provided that Plaintiff had thirty days from the date of the order within which to file an amended complaint. Additionally, Plaintiff was expressly warned: "If Plaintiff fails to file an amended complaint, the action will be dismissed for failure to follow a court order." (*See* Doc. 3 at 6.) Thus, Plaintiff has had adequate warning that dismissal would result from noncompliance with the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  April 27, 2011**                **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE